## JEREMIAH D. LIKENS V. STATE OF NEBRASKA.

FILED DECEMBER 18, 1901.   No. 12,000.

1. **Great Bodily Injury.** The words "great bodily injury," as employed in section 17b of the Criminal Code, imply an injury of a graver and more serious character than an ordinary battery.

2. ———: **EVIDENCE.** A conviction under said section 17b of the Criminal Code can not stand where the evidence fails to disclose that the accused making the assault intended to inflict great bodily injury upon the person of the prosecuting witness.

3. **Evidence: RULINGS.** Rulings upon the exclusion of answers propounded to the complaining party's own witness on his examination in chief can not be reviewed where he has not made and preserved in the record an offer of proof.

ERROR from the district court for Rock county. Tried below before HARRINGTON, J.   *Reversed.*

*R. R. Dickson,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown, Deputy,* and *J. A. Douglas,* for the state.

NORVAL, C. J.

Jeremiah D. Likens was convicted in the court below of an assault upon Alva Likens with intent to inflict great bodily injury, and was sentenced to a term of imprisonment in the state penitentiary. The defendant has brought the record to this court for review.

It is first urged that the verdict is not sustained by sufficient evidence. In *Murphey v. State,* 43 Nebr., 34, it was ruled that the words "great bodily injury," as employed in section 17b of the Criminal Code, imply an injury of a graver and more serious character than an ordinary battery. A careful perusal and consideration of the entire testimony contained in the bill of exceptions satisfies us that the offense of which the accused was convicted was not established on the trial beyond a reasonable doubt. It is disclosed that Alva Likens, the prosecuting witness, is a

nephew of the defendant, both residing in the town of Bassett. The former runs a butcher shop, and about the 1st day of January of the present year the accused sent his little grandson to the shop to obtain some oysters, or meat, but gave the lad no money to pay for the same. The prosecuting witness refused to sell to the boy on credit, and the latter returned home and informed his grandparents of the fact; whereupon, on the same day, the defendant went to the butcher shop to see the nephew with reference to refusing to extend credit, and an altercation between them followed, during which defendant struck Alva once or twice with his fist. A butcher's knife at the time was lying upon the block in the shop, and it was and is the contention of the state that the defendant seized it and struck the prosecuting witness. The testimony adduced by the accused, and the circumstances surrounding the transaction, makes it pretty clear that he took the knife from the block merely to prevent the prosecuting witness from getting and using the same upon the defendant; that the latter had no intention of striking his nephew therewith, but that in the scuffle that ensued the latter accidentally received merely a slight cut or wound. The most that can be reasonably claimed from the evidence before us is that the defendant was guilty of an assault and battery. The element of an intent to inflict great bodily injury is lacking.

More than one error is assigned for the exclusion of answers to questions propounded to the defendant by his counsel upon direct examination, but these assignments must be overruled, because the defendant made no offer of proof when the objections were sustained.

The verdict being unsupported by sufficient evidence, the judgment is reversed and a new trial awarded.

REVERSED.